UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY W. WINTERS,

Plaintiff,

v.

DEPARTMENT OF THE ARMY,

Defendant.

Civil Action No. 25-1314 (LLA)

**ANSWER**

Defendant the Department of the Army ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint arising under the Privacy Act, 5 U.S.C. § 552a. Defendant denies all allegations in the Complaint, including Plaintiff's requested relief, except to the extent specifically admitted below. To the extent the Complaint refers to, characterizes, or quotes from documents, statutes, regulations, correspondence, or other materials, Defendant respectfully refers the Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant's references to such materials are not intended to be, and should not be construed as, admissions that Plaintiff has accurately characterized those materials, that the materials are relevant to this action, or that the materials are admissible.

Defendant responds to the numbered paragraphs of the Complaint as follows:

**Jurisdiction**[1]

1. Paragraph 1 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that this court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552a(g)(1) for actions properly arising under the Privacy Act, subject to the terms, conditions, and limitations of those statutes.

**Venue**

2. Paragraph 2 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for actions properly arising under the Privacy Act.

**Parties**

3. Defendant admits that Plaintiff served in the U.S. Army and was honorably discharged. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. Paragraph 4 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, admitted.

**Statute of Limitations**

5. Paragraph 5 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, admitted.

6. Paragraph 6 consists of Plaintiff's characterization of *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987), which speaks for itself and is the best evidence of its contents.

---

[1] For ease of reference only, Defendant's Answer uses the headings contained in the Complaint. Defendant does not admit to any allegations by using those headings. To the extent any headings may be construed to contain factual allegations, those allegations are denied.

Defendant respectfully refers the Court to that case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Paragraph 8 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore cannot determine whether Plaintiff's claim is timely filed.

**Statutory Framework**

9. Paragraph 9 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, admitted.

10. Paragraph 10 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, admitted.

11. Paragraph 11 consists of Plaintiff's characterization of 10 U.S.C. § 10204, which speaks for itself. Defendant respectfully refers the Court to the statute for a complete and accurate statement of its contents.

12. Paragraph 12 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the statute Plaintiff cites, 10 U.S.C. § 10204, which speaks for itself and is the best evidence of its contents, for a complete and accurate statement thereof and denies any allegations inconsistent therewith.

13. Paragraph 13 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the caselaw

cited for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Paragraph 14 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, admitted.

**Predicate Factual Background**

15. Admitted.

16. Admitted.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18. Denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21. Admitted.

22. Admitted.

**The Unlawful and Improper Dissemination of Information Maintained by the Army in Plaintiff's Case**

23. Paragraph 23 incorporates the averments of the preceding paragraphs, to which Defendant responds by incorporating its responses to paragraphs 1 through 22.

24. Paragraph 24 consists of Plaintiff's characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

25. Paragraph 25 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

26. Paragraph 26 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

27. Paragraph 27 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28. Paragraph 28 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

29. Paragraph 29 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30. Paragraph 30 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully

refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

31. Paragraph 31 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

32. Admitted that the record was obtained by Mr. Chambers from Staff Sergeant Thomas E. Dines.

33. Paragraph 33 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

34. Paragraph 32 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

35. Paragraph 35 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

36. Admitted.

37. Paragraph 37 consists of Plaintiff's characterization of Mr. Winters testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the

Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

38. Admitted.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Paragraph 40 consists of Plaintiff's further characterization of Ms. Pasewicz's testimony, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that testimony attached to Plaintiff's Complaint for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Paragraph 42 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

43. Admitted.

44. Admitted.

45. Denied.

46. Denied.

47. Paragraph 47 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

48. Paragraph 48 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

**Legal Claim**
**Violation of 5 U.S.C. § 552a(g)(1)(D) – The actions of the United States Army violated the Privacy Act**

50. Paragraph 50 incorporates the averments of the preceding paragraphs, to which Defendant responds by incorporating its responses to paragraphs 1 through 49.

51. Paragraph 51 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, admitted.

52. Paragraph 52 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

53. Denied.

54. Defendant admits Plaintiff alleges Ms. Pasewicz used the records. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. Admitted.

57. Paragraph 57 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

58. Paragraph 58 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

59. Paragraph 59 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62. Paragraph 62 consists of legal conclusions, to which no response is required. To the extent a response is deemed required, denied.

**Prayer for Relief**

The remainder of the Complaint, including Plaintiff's numbered requests for relief, states Plaintiff's requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

## DEFENSES

Without assuming any burden that it would not otherwise bear, Defendant asserts the following defenses. Defendant reserves the right to amend, supplement, or withdraw these defenses as appropriate based on the facts and circumstances developed in this litigation.

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged disclosure was not from a "system of records" as defined by the Privacy Act, 5 U.S.C. § 552a(a)(5).

**FOURTH DEFENSE**

Plaintiff's claims are barred because he has failed to plead actual damages as required by 5 U.S.C. § 552a(g)(4)(A), and any alleged damages were not proximately caused by a violation of the Privacy Act.

**FIFTH DEFENSE**

Plaintiff's claims are barred because the Army has not acted "intentional or willful" as required to establish liability under 5 U.S.C. § 552a(g)(4), and any alleged disclosure was made by an individual acting outside the scope of his employment and in contravention of Army policy.

Dated: October 8, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *[/s/ Zachary C. Simons](underline)*

ZACHARY C. SIMONS
DC Bar No. 1736166
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 730-6967
zachary.simons@usdoj.gov

*Attorneys for the United States of America*